# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS PALMER, #209502, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-0335-WS-C |
| DONALD R. ODOM, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as malicious, that plaintiff's motion to proceed without prepayment of fees (Doc. 2) be denied, and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

## I. BACKGROUND AND PROCEDURAL HISTORY.

Plaintiff's action comes before the Court on plaintiff's motion to proceed without prepayment of fees. (Doc. 2). Attendant to the Court's consideration of this motion is 28 U.S.C. § 1915(e)(2)(B)'s and 28 U.S.C. § 1915A(b)(1)'s requirement that plaintiff's complaint be screened. These sections provide for an action's dismissal if the action is found to be malicious. 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1).

Plaintiff utilized the Court's § 1983 complaint form when he commenced this

action against defendants Odom and Carroll for using excessive force against him. (Doc. 4). In response to the complaint form's questions, plaintiff indicated that he had not filed other lawsuits with the same or similar facts involved in this action, but he had filed other lawsuits relating to his imprisonment. (*Id.* at 3). The form required that plaintiff provide certain information about these other lawsuits. (*Id.*). He did not provide the requested information except to state that he was allowed to proceed without payment of filing fees. (*Id.*). Plaintiff signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct.1

## II. ANALYSIS.

### A. Legal Standards.

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn,* No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (upholding counting an action as a strike under § 1915(g) that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and

---

1 Initially, plaintiff sent his complaint to the Court without signing it. (Doc. 1). The Court ordered that he sign it and return it to the Court. (Docs. 3, 4).

2

amended complaints even though the form complaint described the type of cases he was bound to disclose);2 *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not

---

2 "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

disclose his prior lawsuits in spite of his argument that he no longer had access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"). Furthermore, when a court dismisses without prejudice an action that it finds malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. *Stephenson v. Warden, Doe,* 554 F. App'x 835, at **2 (11th Cir. 2014) (unpublished); *see Schmidt v. Navarro,* __ F. App'x __, 2014 WL 3906465, at *2 (11th Cir. Aug. 12, 2014) (unpublished) (affirming the action's dismissal without prejudice by the district court when it found the action to be malicious because plaintiff failed to advise of prior lawsuits as required by the complaint form, and noting the complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In the present complaint, plaintiff indicates that he previously had brought an action complaining about his incarceration. (Doc. 4 at 3). But he did not identify the action, as he was required to do. (*Id.*). However, an examination of PACER ("Public Access to Court Electronic Records") reflects that plaintiff previously filed three other actions that are related to his imprisonment, namely, *Palmer v. Folsom,* CA No. 2:93-cv-

01137-MHT-VPM (M.D. Ala. Mar. 14, 1994); *Palmer v. Patterson,* CA No. 12-0395-CG-B (S.D. Ala. Aug. 28, 2012); and *Palmer v. Brewer*, CA No. 14-0149-KD-B (S.D. Ala. pending).3

In *Rivera, supra,* the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In its affirmance, the Eleventh Circuit reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id*. In the subsequent case of *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied*, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on *Rivera*, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the prior month. *Id.* at 799.

When plaintiff filed the present action, he knowingly chose not to list his previously filed lawsuits. Plaintiff was aware of his prior lawsuits, in particular *Palmer v. Brewer, supra,* which he just filed on March 31, 2014, less than four months before filing the present action on July 18, 2014. Nonetheless, plaintiff proceeded to sign his complaint under penalty of perjury. (Doc. 4 at 7). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process, warranting the dismissal of the action as malicious pursuant to § 1915(e)(2)(B)(i) and § 1915A(b)(1) and

---

3 The Court takes judicial notice of its records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

it being counted as a strike for § 1915(g) purposes.  *Rivera, supra*; *Pinson, supra.*

## III.  CONCLUSION.

Inasmuch as the events complained about in the present complaint occurred on June 27, 2014, leaving sufficient time for plaintiff to re-file the complaint if he elects,4 it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as malicious.  It is further recommended that plaintiff's motion to proceed without prepayment of fees (Doc. 2) be denied and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or

---

4 The statute of limitations for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 12th day of September, 2014.

>s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**